UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **NORTHERNSTAR NATURAL GAS, INC.,** | § | **CASE NO. 10-33856** |
| CASE NO: 10-33856 | § | |
| | § | |
| **BRADWOOD LANDING, LLC,** | § | **JOINT ADMINISTRATION** |
| CASE NO: 10-33867 | § | **REQUESTED** |
| | § | |
| **NORTHERNSTAR PIPELINE CO., LLC,** | § | |
| CASE NO: 10-33863 | § | **(CHAPTER 7)** |
| | § | |
| **CLEARWATER PORT HOLDINGS, LLC,** | § | |
| CASE NO: 10-33868 | § | |
| | § | |
| **NSNG MANAGEMENT, LLC,** | § | |
| CASE NO: 10-33861 | § | |
| | § | |
| **CLEARWATER PORT, LLC,** | § | |
| CASE NO: 10-33865 | § | |
| | § | |
| DEBTORS. | § | |

**EMERGENCY MOTION FOR JOINT ADMINISTRATION**

**THE DEBTORS HAVE REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAVE REQUESTED THAT A 'FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NorthernStar Natural Gas Inc. ("NorthernStar"), Bradwood Landing LLC ("Bradwood"), NorthernStar Pipeline Company LLC ("Pipeline"), Clearwater Port Holdings LLC ("Holdings"), NSNG Management LLC ("NSNG"), and Clearwater Port LLC ("Clearwater") (collectively, the "Debtors"), file this Emergency Motion for Joint Administration (the "Motion"), and respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicate for the relief requested in this Motion is 11 U.S.C. § 105 and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On May 4, 2010 (the "Petition Date"), each of the above-captioned Debtors commenced a voluntary case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4. Prior to the Petition Date, NorthernStar and its affiliates (the "Debtors") were focused on the development of domestic Liquid Natural Gas ("LNG") terminal projects to bring much-needed energy to the western half of the United States.

5. Each of Bradwood, Pipeline, Holdings, NSNG and Port are each wholly-owned second or third-tier subsidiaries of NorthernStar.

6. The Debtors shared a single office space in Houston, Texas, with small satellite locations in California and Oregon focused on certain discrete projects.

7. Additional information regarding the Debtors business, capital structure, and obligations are contained in the Debtors' respective Chapter 7 Petitions, Schedules, and Statements of Financial Affairs.

## RELIEF REQUESTED

8. By this Motion, the Debtors request, pursuant to Rule 1015(b) of the Bankruptcy Rules, entry of the Proposed Order substantially in the form filed contemporaneous with this

Motion authorizing (a) the joint administration of the Debtors' Chapter 7 cases for procedural purposes only; and (b) the use of a consolidated caption by parties in interest for any pleading related to any of the jointly administered cases.

9. This Court's Local Rule 1015-1, provides that a motion for joint administration be made to the Judge with the lowest case number. See Local Rule 1015-1(b). Accordingly, this Motion has been filed in the NorthernStar case, which was the first-filed case bearing the lowest case number.

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

11. The Debtors are "affiliates" as defined under Section 101(2) of the Bankruptcy Code. Each of Bradwood, Pipeline, Holdings, NSNG and Port are each wholly-owned subsidiaries of NorthernStar—the parent company. Moreover, many of the Debtors are liable for the same debts.

12. Further, joint administration of the cases will be an efficient use of this Court's and the Debtors' resources. Numerous matters affecting the Debtors collectively can be handled by the use of combined notice, motion, order or hearing. Joint administration will permit the use of a single, general docket for the cases and combine notices to creditors and other parties-in-interest of the Debtors' respective estates.

13. Joint administration will also reduce the cost and burden of repetitive, duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to (a) use a single consolidated caption on the numerous documents that will be filed and served in this case; and (b) file documents in only one of these cases rather than in multiple cases.

14. Moreover, joint supervision of the administrative aspects of these cases by the office of the United States Trustee (the "U.S. Trustee") and the Court will be simplified. As such, joint administration will promote an economic and efficient administration of these cases to the benefit of the Debtor' respective creditors, the U.S. Trustee, and this Court.

15. The rights of the respective creditors of each of the Debtors' estates will not be prejudiced by the joint administration of these cases because the relief sought is procedural in nature and is not intended to affect substantive rights. Each creditor will be entitled to file a proof of claim against the particular estate of the applicable Debtor. Further, all schedules of assets and liabilities and statements of financial affairs will be captioned and filed in each of the Debtors' respective cases, as appropriate.

16. Accordingly, the Debtors propose that this Court establish the following consolidated official caption to be used by all parties in all pleadings in the Debtors' jointly administered case, except as otherwise specifically provided herein:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | |
| **NORTHERNSTAR NATURAL GAS, INC.,** | § | **CASE NO. 10-33856** |
| **ET. AL.** | § § | |
| | § | **JOINTLY ADMINISTRED** |
| **DEBTORS.** | § § | **(CHAPTER 7)** |

17. The Debtors submit that the use of the simplified captioned designated above by all parties will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

18. The Debtors also request that a docket entry, substantially similar to the one below, be entered on the docket of each the Debtors' bankruptcy cases.

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 7 cases of NorthernStar Natural Gas Inc. and its affiliates. The Debtors in these cases include: NorthernStar Natural Gas Inc., Bradwood Landing, LLC, NorthernStar Pipeline Company, LLC, Clearwater Port Holdings, LLC, NSNG Management, LLC, and Clearwater Port, LLC. The docket in Case No. 10-33856 should be consulted for all matters affecting this case.

19. Finally, the Debtors also seek appointment of one Chapter 7 trustee to administer the estates of all Debtors. Again, many of the Debtors are jointly liable on obligations. The Debtors operated from the same office location. Records belonging to multiple Debtors are stored in the same locations. For these reasons, the appointment of one Chapter 7 trustee is in the best interest of the estates and the creditors of the estates.

**WHEREFORE**, the Debtors respectfully request that this Court (a) enter an order directing joint administration of these Chapter 7 cases; and (b) grant such other and further relief as this Court deems just and proper.

Dated: May 4, 2010

Respectfully submitted,

**SPENCER CRAIN CUBBAGE HEALY & McNAMARA, pllc**

By:  /s/ Thomas H. Grace
     Thomas H. Grace
     Texas Bar No. 00785453
     Federal Bar No. 12618
     Meagan Martin
     Texas Bar No. 24050997
     Federal Bar No. 1045350
     1330 Post Oak Blvd., Suite 1600
     Houston, TX  77002

(713) 963-3669  Telephone
(713) 963-4663  Fax
**PROPOSED COUNSEL FOR**
**THE DEBTORS**

## CERTIFICATE OF SERVICE

I certify that on May 4, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. Bankruptcy Court, Southern District of Texas, using the electronic case filing system of the court. All attorneys of record, including counsel for the Debtor and the Office of the U.S. Trustee, are registered with the Court and will receive a "Notice of Electronic Filing."

/s/ Thomas H. Grace
Thomas H. Grace